[Cite as *Cleveland v. Simmons*, 2026-Ohio-2945.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 115916 |
| v. | : | |
| ERNEST O. SIMMONS, | : | |
| Defendant-Appellant. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 30, 2026

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2024-CRB-001449

---

### *Appearances:*

Mark D. Griffin, Cleveland Law Director, and Maria Herrel, Assistant Prosecuting Attorney, *for appellee*.

Ernest Orlandos Simmons, *pro se*.

TIMOTHY W. CLARY, J.:

{¶ 1} Defendant-appellant Ernest O. Simmons ("Simmons") appeals from his convictions for disorderly conduct and attempted criminal trespass, both minor misdemeanors, following a bench trial. For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} This case arises out of a February 2024 incident at MetroHealth Hospital in Cleveland, Ohio. Simmons initially asked nurses at the discharge hospitality center if he could use their restroom because of an unpleasant smell in the public restroom. The nurses gave Simmons permission to use the restroom, and after he did so, he engaged them in conversation again and ultimately refused to leave the area when asked to do so. MetroHealth police eventually attempted to engage Simmons in conversation and remove him from the area, resulting in an officer tasing Simmons, causing both Simmons and the officer to fall.

{¶ 3} Simmons was initially charged with criminal trespass in violation of Cleveland Cod.Ord. 623.04 and resisting arrest in violation of Cleveland Cod.Ord. 615.08(b). Simmons was found guilty of criminal trespass and a lesser included form of resisting arrest following a bench trial in Cleveland Municipal Court. Simmons appealed his convictions.

{¶ 4} This court reversed Simmons's convictions and remanded for a new trial, finding that the court abused its discretion when it denied Simmons's motion for a continuance. *Cleveland v. Simmons*, 2025-Ohio-1658 (8th Dist.).

{¶ 5} On remand, the court again held a bench trial. The court found Simmons guilty of disorderly conduct in violation of Cleveland Cod.Ord. 605.03(a)(1) and attempted criminal trespass in violation of 623.04 and 601.08. The court sentenced Simmons to a $150 fine on each offense.

**{¶ 6}** Simmons appealed. He now raises three assignments of error for our review:

> I. The trial court violated Appellant's constitutional right to [a] trial by jury by proceeding without a jury after Appellant demanded a jury trial and never executed a written waiver, in violation of Article I, Section 5 of the Ohio Constitution, the Sixth Amendment to the United States Constitution, and Crim.R. 23(A).
>
> II. The trial court violated Appellant's Sixth Amendment right to self-representation after Appellant expressly and repeatedly refused counsel.
>
> III. The trial court erred by accepting or allowing an unauthorized plea entered without Appellant's knowing, voluntary, and personal consent, in violation of Crim.R. 11 and due process of law.

**Law and Analysis**

**{¶ 7}** Initially, we note that Simmons represents himself pro se on appeal. This court has previously recognized that

> a pro se litigant may face certain difficulties when choosing to represent oneself. Although a pro se litigant may be afforded reasonable latitude, there are limits to a court's leniency. Pro se litigants are presumed to have knowledge of the law and legal procedures, and are held to the same standard as litigants who are represented by counsel.

(Cleaned up.) *In re S.H.*, 2026-Ohio-465, ¶ 10 (8th Dist.), quoting *Saeed v. Greater Cleveland Regional Transit Auth.*, 2017-Ohio-935, ¶ 7 (8th Dist.).

**{¶ 8}** Additionally, we note that as the appellant, Simmons had the duty to file the transcript or such parts of the transcript that are necessary for evaluating the trial court's decision. *Hall v. Greater Cleveland Regional Transit Auth.*, 2018-Ohio-3582, ¶ 7 (8th Dist.), citing App.R. 9(B) and *Knapp v. Edwards Laboratories*, 61

Ohio St.2d 197, 199 (1980). Absent a transcript or alternative record under App.R. 9, we must presume regularity in the proceedings below. *Id.*, citing *id.*

{¶ 9} In this matter, Simmons initially indicated that the appeal was an App.R. 9(B) appeal that would include a transcript of the trial.[1] However, Simmons failed to timely file a transcript. Additionally, no statement of the evidence or agreed statement under App.R. 9(C) or (D) was filed to support the appeal. On February 9, 2026, this court sua sponte converted the record in this appeal into an App.R. 9(A) record for failure to file a transcript. Because our record does not contain a trial transcript, to the extent that Simmons's assignments of error depend upon review of the trial transcript, our review is constrained and we must presume regularity. *A.M.F. v. E.C.K.F.*, 2025-Ohio-2594, ¶ 23 (8th Dist.), citing *Knapp* at 199 ("'When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm.'").

{¶ 10} In his first assignment of error, Simmons argues that the trial court violated his constitutional right to a trial by jury when it proceeded with a bench trial even though Simmons never executed a written waiver of his right to a jury trial. We disagree.

---

[1] The praecipe in this appeal indicates that Simmons checked the boxes indicating that this was both an App.R. 9(A) appeal and an App.R. 9(B) appeal, as well as the box noting that he sought to include a complete transcript under App.R. 9(B).

{¶ 11} Although a defendant has a right to a jury trial for certain petty offenses if properly invoked pursuant to Crim.R. 23(A), the right does not extend to minor misdemeanor offenses. *Cleveland v. Krebs*, 2018-Ohio-746, ¶ 19 (8th Dist.), citing R.C. 2945.17(B)(1). Here, the record reflects that Simmons was charged with disorderly conduct in violation of Cleveland Cod.Ord. 605.03(a)(1) and attempted criminal trespass in violation of Cleveland Cod.Ord. 601.08 and 624.04. Because these offenses are minor misdemeanors, they are specifically exempt from the right to a jury trial pursuant to R.C. 2945.17. Therefore, the trial court did not err in holding a bench trial without receiving a waiver of Simmons's right to a jury trial because that right did not extend to the offenses at issue in this case. Simmons's first assignment of error is overruled.

{¶ 12} In his second assignment of error, Simmons argues that the trial court violated his Sixth Amendment right to self-representation by forcing representation upon him after he expressly and repeatedly refused to be represented by counsel.

{¶ 13} We reiterate that Simmons has not filed a transcript of the proceedings below. Therefore, we must presume regularity and conclude that the trial court did not violate Simmons's right to counsel or in the alternative, self-representation. Simmons's second assignment of error is overruled.

{¶ 14} In his third assignment of error, Simmons argues that the trial court erred by accepting or allowing an unauthorized plea in violation of Crim.R. 11. Specifically, he asserts that a plea entered by counsel without authorization is void.

{¶ 15} Our review of the record reflects that Simmons initially pleaded not guilty to the charges he faced, underwent a bench trial, and was ultimately found guilty by the court of both charges. Thus, our review of the record does not reflect that the trial court ever accepted an unauthorized plea. Simmons's third assignment of error is overruled.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIMOTHY W. CLARY, JUDGE

EMANUELLA D. GROVES, P.J., and
SEAN C. GALLAGHER, J. CONCUR